NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

NOV 5 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>              Plaintiff-Appellee,<br><br>  v.<br><br>MARIO LAMBERTO ELENES,<br><br>              Defendant-Appellant. | No.   18-10230<br><br>D.C. No.<br>2:17-cr-00974-PHX-DGC<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the District of Arizona
David G. Campell, District Judge, Presiding

Argued and Submitted October 17, 2019
Pasadena, California

Before: NGUYEN and OWENS, Circuit Judges, and VITALIANO,** District
Judge.

Mario Elenes appeals from his conviction, entered upon the jury's verdict,

on one count of being a felon in possession of ammunition, in violation of 18

U.S.C. §§ 922(g)(1) and 924(a)(2). He challenges the district court's denial of his

---

      * This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

      ** The Honorable Eric N. Vitaliano, United States District Judge for the
Eastern District of New York, sitting by designation.

1

pre-trial motion to suppress evidence of the ammunition and certain incriminating statements, which were obtained during an investigatory stop and pat-down conducted by a Phoenix police officer. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

To lawfully initiate "a brief stop [of the kind conducted here] . . . an officer must have reasonable suspicion to believe 'criminal activity may be afoot.'" *Thomas v. Dillard*, 818 F.3d 864, 874 (9th Cir. 2016) (quoting *Terry v. Ohio*, 392 U.S. 1, 30 (1968)). Before stopping Elenes, the officer witnessed two apparent offenses—an aggravated assault and a traffic violation—either of which would have justified an investigatory stop of the vehicle in which appellant was traveling. *See United States v. Mattarolo*, 209 F.3d 1153, 1157–58 (9th Cir. 2000).

Although "[a] lawful frisk does not always flow from a justified stop," *Thomas*, 818 F.3d at 876 (quoting *United States v. Thomas*, 863 F.2d 622, 628 (9th Cir. 1988)), the officer's observation of Elenes's conduct provided justification for the frisk. With 14 years of police experience, the officer had encountered Elenes in a high-crime area; he witnessed Elenes engage in verbal altercations with a woman and two men outside of a motel room; he saw Elenes point what appeared to be a firearm at the two men, causing them to raise their hands and back away; and, upon making contact with Elenes, he found Elenes to be uncooperative and agitated when asked for identification. Given these circumstances, the

2

investigating officer was justified in conducting a pat-down by his reasonable belief that Elenes was "armed and presently dangerous." *Pennsylvania v. Mimms*, 434 U.S. 106, 112 (1977).

The fact that, before conducting the pat-down, the officer came to know that he had incorrectly perceived a wooden club lying on the floorboard of the stopped vehicle to be a firearm is of no moment. The presence of the club in the vehicle confirmed that Elenes had access to and had used a dangerous instrument in the commission of a crime at the motel. Even in the absence of a firearm, the possession of a club, knife or other dangerous instrument at the time of an investigatory stop justifies an investigating officer's reasonable belief that the subject is "armed and dangerous." *See Terry*, 392 U.S. at 29 (holding that a search must "be confined in scope to an intrusion reasonably designed to discover guns, knives, clubs, or other hidden instruments for the assault of the police officer"); *Mattarolo*, 209 F.3d at 1158.

Nor did the scope or extent of the frisk, specifically the officer's shaking of the leather pouch on Elenes's belt, exceed the bounds of the Fourth Amendment. As he testified, the officer was unable to ascertain whether the pouch contained a weapon of some sort merely by patting the outside of it. With safety concerns still lingering, the officer was justified in shaking the pouch to help rule out the presence of a weapon. *See United States v. Garcia*, 909 F.2d 389, 391–92 (9th Cir.

1990) (holding that an officer's squeezing of a bundle in defendant's fanny pack to search for weapons was proper).

Finally, contending that the officer's post-frisk questioning was unlawful, Elenes argues that the district court erred in failing to suppress its evidentiary fruit. Questioning as to whether the pouch contained ammunition and whether Elenes was a felon was not, however, unlawful. These inquiries were properly tailored to investigate criminal activity, and they did not impermissibly extend the duration of the stop. *See Arizona v. Johnson*, 555 U.S. 323, 333 (2009); *United States v. Basher*, 629 F.3d 1161, 1166 (9th Cir. 2011) ("[T]he whole purpose of a *Terry* encounter is to investigate suspected criminal activity."). Since there was no constitutional infirmity in the officer's questioning, the incriminating information elicited from Elenes justified the officer's subsequent opening of the pouch, the seizure of the ammunition, and Elenes's arrest. The use of the statements and ammunition against Elenes at trial did not violate the Constitution.

**AFFIRMED.**

4